UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-104-TBR

DALE MILBY, PLAINTIFF

v.

GATES RUBBER COMPANY, DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Dale Milby's Motion for Reconsideration Based on Newly Discovered Evidence. [DN 23.] Defendant Gates Rubber Company responded. [DN 25.] No reply was filed, and this matter is therefore ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

This matter arises out of Dale Milby's employment with Gates Rubber Company ("Gates Rubber") from 1975 to 1999. Milby alleges that during his employment with Gates Rubber, he was exposed to toxic chemicals and was not provided with adequate protective gear and, as a result, suffered and continues to suffer from multiple illnesses. [DN 1; DN 1-2.]

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, Civil Action No. 5:11-CV-00034-TBR, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that Rule 59 motions should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 Fed. Appx. 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). The Sixth Circuit accordingly instructs that a motion for reconsideration should only be granted on one of four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, Civil Action No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).

DISCUSSION

In the instant motion, Plaintiff requests that this Court reconsider "the original ruling that [his] petition should be dismissed" on statute of limitations grounds. [DN 23 at 1.] In response, Gates Rubber contends that Milby's motion is not properly before this Court, as it, as evidenced by a statement on the first page of the motion, "is directed to Administrative Law Judge Tanya

Pullin in the Commonwealth of Kentucky, Department of Workers' Claims and pertains to a prior ruling issued in Case No. 2016-01022, a workers' compensation claim matter." [DN 25 at 21 (citing DN 23 at 1).] Gates Rubber further points out that Milby's motion "does not pertain to any prior ruling issued by this Court and as a result, there is nothing for this Court to reconsider." [*Id.*] The Court agrees. It appears that Milby seeks reconsideration of an Administrative Law Judge's decision regarding a petition for Worker's Compensation benefits in a separate proceeding. [*See* DN 23 at 1.] Plaintiff's claims in the instant case sound in personal injury, however, and do not involve Workers' Compensation. [DN 1; 1-3.] Moreover, as Gates Rubber correctly states, this Court has issued no such ruling in this case dismissing Milby's claims on statute of limitations grounds. Therefore, there is no ruling for the Court to reconsider. Milby's motion for reconsideration is accordingly denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration Based on Newly Considered Evidence [DN 23] is DENIED.

IT IS SO ORDERED.


cc: Counsel of Record