UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-104-TBR

DALE MILBY,                                                                                          PLAINTIFF

v.

GATES RUBBER COMPANY,                                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Gates Rubber Company's Motion for Summary Judgment. [DN 26.] After the time for Plaintiff Dale Milby to respond passed, the Court held a telephonic conference with the parties and gave Milby additional time to respond to Defendant's motion. [DN 28.] Almost four months later, Milby has still not responded, and therefore this matter is now ripe for adjudication. For the following reasons, Defendant's motion for summary judgment, [DN 26], is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

BACKGROUND

This matter arises out of Dale Milby's employment with Gates Rubber Company ("Gates Rubber") from 1975 to 1999. Milby alleges that during his employment with Gates Rubber, he was exposed to toxic chemicals, was not provided with adequate protective gear, and, as a result, suffered and continues to suffer from multiple illnesses. [DN 1 (Notice of Removal); DN 1-2 (State Court Complaint).] Milby brought the instant action in Kentucky state court on January 27, 2016, seeking damages for the alleged "personal injuries and damages caused by the negligence and/or fault of Gates Rubber Company." [DN 1-2 at 2.] Gates Rubber removed the case to federal court on February 18, 2016. [DN 1.] Milby seeks damages in the amount of

$70,000,000 for pain and suffering, $25,000,000 for gross negligence, and $80,000,000 for Milby's pending death resulting from Gates Rubber's actions. [DN 1-2 at 4.]

In a motion for reconsideration Milby filed with the Court in October 2016,[1] Milby stated that the symptoms of his illnesses, amyloidosis and paraproteinemia, were diagnosed in August 2012. [DN 23 at 2 (Milby's Motion for Reconsideration).] Milby alleged in his motion, therefore, that the statute of limitations on his claims did not begin to run until August 6, 2012. [*Id.*] Milby also attached to this motion an affidavit from his wife, Kathryn Milby, who stated therein that Milby was diagnosed with his illnesses on August 6, 2012. [*Id.* at 5.] During discovery, Milby further provided Gates Rubber with a letter from his treating physician, Dr. Ijaz Mahmood, dated July 25, 2012 which states that Milby "has been under [Dr. Mahmood's] care for amyloidosis and paraproteinemia." [DN 26-2.] Dr. Mahmood opined in the letter that Milby developed his illnesses due to a history of heavy exposure to chemicals such as "[b]enzene, asbestos, and acetone" and that Milby presented a "high risk of developing lung cancer and mesothelioma as a result of his exposure to asbestos." [*Id.*]

Gates Rubber brought the instant motion alleging that, because Milby readily acknowledges that he was aware of his symptoms and illnesses by August 6, 2012 at the latest, that his January 27, 2016 lawsuit was filed outside of the one-year limitations period applicable to personal injury actions in Kentucky. [DN 26 (Gates Rubber's Motion for Summary Judgment).] As the Court noted above, Milby has made no arguments in opposition to this contention, and the Court can conceive of none. Because the Court agrees that the statute of limitations on Milby's personal injury action expired prior to his filing suit, the Court will grant Gates Rubber's motion for summary judgment.

---

[1] As explained in the Court's December 2, 2016 Order, this Court denied Milby's motion for reconsideration because there was no previous order for this Court to reconsider. [DN 27.]

STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex*, 477 U.S. at 324). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex*, 477 U.S. at 324). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). Nor will mere speculation suffice to defeat a motion for summary judgment: "[t]he

mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

KRS 413.140 specifies the actions that must be brought within one year of the cause of action accruing. Among those listed actions are "action[s] for an injury to the person of the plaintiff." KRS 413.140(1)(a). Typically, this one-year time period "begins running when the plaintiff is injured." *Boggs v. 3M Co.*, No. CIV. 11-57-ART, 2012 WL 3644967, at *2 (E.D. Ky. Aug. 24, 2012), *aff'd*, 527 F. App'x 415 (6th Cir. 2013) (citing *Michals v. Baxter Healthcare Corp.,* 289 F.3d 402, 406 (6th Cir. 2002); *Caudill v. Arnett,* 481 S.W.2d 668, 669 (Ky. 1972)). However, "starting the statute-of-limitations clock on the date of injury can be unnecessarily harsh when the injury is one that 'is not readily discoverable,' such as in cases involving 'latent illness or injury resulting from exposure to harmful substances.'" *Id.* (quoting *Vandertoll v. Commonwealth,* 110 S.W.3d 789, 796–97 (Ky. 2003)). Accordingly, Kentucky applies the "discovery rule," which provides that the one-year limitations period does not begin to run "until the plaintiff 'discovers, or in the exercise of reasonable diligence should have discovered' that (1) he was injured and (2) 'his injury may have been caused by the defendant's conduct.'" *Id.* (quoting *Wiseman v. Alliant Hosps., Inc.,* 37 S.W.3d 709, 712 (Ky. 2000)).

Here, it is undisputed that Milby discovered his illnesses, and Dr. Mahmood's opinion that his illnesses were caused by Milby's history of exposure to various chemicals, by August 6, 2012 at the very latest. [DN 26-2; DN 23 at 3.] In Milby's previous motion for reconsideration, he stated that he did not know of his illnesses "until his doctor, Dr. Mahmood, informed [him]

4

that he had his disease and it was because of inhaling of benzene, asbestos, acetone, as well as a host of other toxic chemicals. That was on August 6, 2012." [DN 23 at 2 (emphasis removed).] This express statement constitutes a judicial admission that Milby knew of his illness, and the suspected causes thereof, by of August 6, 2012. *See Pucci v. Nineteenth Dist. Court*, 596 F. App'x 460, 467 (6th Cir. 2015) (citing *Barnes v. Owens–Corning Fiberglas Corp.,* 201 F.3d 815, 829 (6th Cir. 2000); *Kay v. Minacs Group (USA), Inc.,* 580 F. App'x 327, 331 (6th Cir. 2014); *Lee v. Smith & Wesson Corp.,* 760 F.3d 523, 528 (6th Cir. 2014) ("'Judicial admissions are *formal* admissions,' . . . which have been held to arise in the pleadings, stipulations, pretrial orders, and arguments at trial.")); *Lee*, 760 F.3d at 528 (quoting *MacDonald v. General Motors Corp.,* 110 F.3d 337, 339–40 (6th Cir. 1997) ("The purpose of the [judicial admission] doctrine is to promote the expedition of trials by allowing parties to rely upon lawyers' admissions. 'In order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous.'")) Accordingly, accepting the August 6, 2012 date as the "discovery" date, Milby needed to bring suit against Gates Rubber by August 6, 2013. *See Boggs*, 2012 WL 3644967, at *2; KRS 413.140(1)(a). He did not do so; rather, he did not bring suit until January 27, 2016, more than two years after this cut-off date. [DN 1-2 at 2.]

Though Milby did not respond to Gate Rubber's motion for summary judgment, in his prior motion for reconsideration, he appeared to argue that he "had 13 or more years to begin his lawsuit if desired," pursuant to KRS 342.316, a statute in Kentucky's Worker's Compensation Act. [DN 23 at 2]. Though Milby is correct that KRS 342.316 does provide a statute of limitations for certain claims related to occupational disease caused by asbestos or other hazardous chemicals, that statute specifically applies to Worker's Compensation claims. In his complaint, Milby characterized his suit as an "action for personal injuries and damages caused

by the negligence and/or fault of Gates Rubber Company." [DN 1-2 at 2.] In other words, Milby brought a standard tort suit and did not assert his claims under the Kentucky Worker's Compensation Act. *Cf. Booker v. Gates Rubber Co., Inc.*, No. 3:16-CV-00097-GNS, 2016 WL 6603943, at *2 (W.D. Ky. Nov. 7, 2016) (Stivers, J.) ("While KRS 342.316 does provide a statute of limitations for actions arising under the statute, KRS 342.316 governs claims brought under the Kentucky Worker's Compensation Act. Because Plaintiff's claims were not asserted under the Worker's Compensation Act, KRS 342.316 does not apply."); *Bryan v. Gates Rubber Co.*, No. 3:16CV-102-JHM, 2016 WL 6892089, at *2 (W.D. Ky. Nov. 21, 2016) (McKinley, J.) (citing *Brooker* and holding that "Plaintiff's claims were not asserted under the Worker's Compensation Act; therefore, KRS § 342.316 does not apply." Accordingly, Milby's claims are time-barred, and judgment as a matter of law in favor of Gates Rubber is proper.

CONCLUSION

For the reasons stated herein, Gates Rubber Company's Motion for Summary Judgment, [DN 26], is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

Date:

cc:     Counsel of Record